## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PALM BEACH COUNTY DIVISION
### CASE NO: 9:16-CV-81530-DMM

**GEO GROUP, INC.,**

        Plaintiff,

**v.**

**MATTHEW J. SWANDO,**

        Defendant.

_____/

### <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant Matthew J. Swando ("Swando" or "Defendant"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 12, respectfully files this Answer and Affirmative Defenses and in support thereof states as follows:

1. ADMIT that Plaintiff seeks injunctive relief and damages. All remaining allegations are DENIED.

2. ADMITTED.

3. ADMITTED.

4. ADMIT that venue is proper in Palm Beach County and that Defendant could submit to jurisdiction in the Fifteenth Judicial Circuit in and for Palm Beach County. AVER that this action is properly removed to the United States District Court for the Southern District of Florida, Palm Beach County Division and that venue in this Court is proper. Further ADMIT that Defendant was originally hired by BI Incorporated in Tampa, Florida and that Defendant agreed to jurisdiction and venue in Florida in the Consulting Agreement with Plaintiff. All remaining allegations are DENIED.

5. DENIED.

6.  Defendant is without knowledge as to Plaintiff's status as a "leading provider" of its services and therefore DENIES the same. All remaining allegations are ADMITTED.

7.  ADMITTED.

8.  ADMITTED.

9.  ADMITTED.

10. ADMIT that until October of 2015, Defendant received several promotions and that those promotions carried additional and/or differing responsibilities. The remaining allegations are DENIED.

11. DENY that Defendant began as a Regional Manager and AVER that Defendant began as a Business Development Executive for BI. DENY that Defendant was promoted to VP of Sales in 2010 and AVER that the promotion occurred in 2011. ADMIT that Defendant was promoted to Divisional VP in 2014. DENY the inference that the promotion to Divisional VP marked the final change in Defendant's role with Plaintiff. All remaining allegations are DENIED.

12. DENIED.

13. DENIED.

14. ADMIT that certain of Plaintiff's employees execute restrictive covenant agreements and that certain of Plaintiff's systems are password protected. All remaining allegations are DENIED.

15. DENIED.

16. DENIED.

17. ADMIT that Defendant was successful in his positions while in Plaintiff's employ. All remaining allegations are DENIED.

18. ADMIT that Defendant received compensation during his employment with Plaintiff. All remaining allegations are DENIED.

19. Defendant is without knowledge as to any of Plaintiff's alleged investments in reputation and therefore DENIES allegations pertaining to the same. Defendant DENIES that Plaintiff has any goodwill and all allegations pertaining to the same.

20. ADMIT that Defendant executed a restrictive covenant agreement containing confidentiality, non-compete, and non-solicitation clauses with BI Incorporated in 2004. All remaining allegations are DENIED.

21. ADMIT that Defendant received grants of restricted stock options and that Defendant executed agreements containing non-compete, non-solication, and confidentiality covenants in connection with those grants. DENIED as to the dates of those grants and AVER that the agreements were executed in 2011, 2013, and 2014. All remaining allegations are DENIED.

22. ADMIT that on or about October 30, 2015, Defendant executed the Consultant Agreement (the "Agreement") attached as Exhibit A to the Complaint. AVER that the agreement speaks for itself and that no further response is required.

23. The Agreement speaks for itself and no response is required.

24. The Agreement speaks for itself and no response is required.

25. The Agreement speaks for itself and no response is required.

26. ADMITTED.

27. ADMITTED.

28. ADMITTED.

29. ADMIT that Plaintiff notified Defendant by letter of its intent to seek enforcement of the restrictive covenants and therein requested certain assurances. All remaining allegations are DENIED. AVER that Defendant responded to the letter on July 5, 2016.

30. Paragraph 30 asserts a legal conclusion to which no response is required.

## COUNT I

## BREACH OF CONTRACT

31. Defendant incorporates his responses contained in Paragraphs 1 through 30 above as if fully set forth herein.

32. ADMITTED.

33. DENIED.

34. DENIED.

35. DENIED.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the affirmative defense of illegality. The restrictive covenants at issue constitute unlawful restraints of trade in that they lack a legitimate business interest to support them.  No legitimate business interest is at issue because (1) Defendant never had access to valuable confidential information that belonged to Plaintiff and was not otherwise available to other competitors in the industry; (2) any customer relationships at issue are not substantial customer relationships within the meaning of Florida Statute 542.335; (3) Plaintiff did not provide Defendant any extraordinary training or education or otherwise make an extraordinary investment in developing Defendant as an employee; (4) Plaintiff has no goodwill to protect as its customer relationships are contractual and Plaintiff has no reasonable expectation of continued patronage from the customers; and (4) there is no other legitimate business interest that justifies enforcement of any restrictive covenants.  The restrictive covenants, therefore, constitute unlawful restraints of trade and are therefore illegal and unenforceable under Florida Statute 542.18.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the affirmative defense of

unconscionability. The restrictive covenants are unconscionable in that they are overbroad, overlong, and otherwise unreasonable. The covenants are overbroad in that they purport to restrict Defendant from competition in an undefined and geographically unlimited area while Plaintiff operates in certain defined geographic spheres. The restrictive covenants are overlong in that they purport to restrict Defendant for a period of two years in an industry that rests primarily on bidding for public governmental contracts of specific duration and information regarding related to same is stale long before the two-year period runs. The restrictive covenants are otherwise unreasonable in that they purport to restrict Defendant in an industry in which all information—requests for quotes, customer information, pricing information, needs of potential customers, etc.—is publicly available.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, by the affirmative defense of competition privilege. The restrictive covenants at issue are not necessary to protect any legitimate business interests. The restrictive covenants are therefore attempts to eliminate competition *per se.* As such, there is nothing wrongful or tortious about Defendant's conduct and it is privileged under doctrine of competition privilege.

**WHEREFORE** Defendant requests that this Court DENY all relief requested in Plaintiff's Complaint; award Defendant his costs, including his reasonable attorney's fees, in defending this action; and award Defendant such other and further relief as the Court may deem just and proper.

Dated: September 7, 2016                                    Respectfully submitted,


                                                           By: s/ *Jonathan Pollard*

                                                           Jonathan E. Pollard
                                                           Florida Bar No.: 83613
                                                           jpollard@pollardllc.com

                                                           Pollard PLLC
                                                           401 E. Las Olas Blvd. #1400
                                                           Fort Lauderdale, FL 33301
                                                           Telephone: 954-332-2380
                                                           Facsimile: 866-594-5731

                                                           *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically filed on September 7, 2016. All registered counsel are to receive notice of the filing via the Court's electronic case filing system.

                                                           By: s/ Jonathan E. Pollard