UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:16-cv-81530-DMM

**GEO GROUP, INC.,**

          Plaintiff,

v.

**MATTHEW J. SWANDO,**

          Defendant.

_____/

**DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR FURTHER RELIEF**

Defendant Matthew J. Swando ("Swando"), by and through undersigned counsel and pursuant to the Local Rule of the District Court for the Southern District of Florida 7.1(c), hereby requests the Court postpone the date by which Defendant must respond to Plaintiff's Motion for Preliminary Injunction and postpone any hearing on Plaintiff's Motion for Preliminary Injunction until discovery and an evidentiary hearing is conducted. In support thereof, Defendant states as follows:

This Motion is brought in good faith and is in no way an attempt to unduly delay the resolution of this matter. Rather, Defendant requests this extension of time, initiation of discovery, and an evidentiary hearing so that the undersigned counsel may mount an aggressive defense of the claims at issue as he has done in other cases. *See, e.g., Moon v. Med. Tech. Associates, Inc.*, 577 F. App'x 934 (11th Cir. 2014). (vacating preliminary injunction in non-compete matter); *IDMWORKS, LLC v. Pophaly*, No. 16-20627, 2016 WL 3566867, at *1 (S.D. Fla. June 23, 2016) (denying preliminary injunction in non-compete matter for lack of legitimate business interest

following an evidentiary hearing); *Moon v. Med. Tech. Associates, Inc.,* 2015 WL 413347, at *1 (M.D. Fla. Jan. 30, 2015) (denying preliminary injunction on remand); *Evans v. Generic Sol. Eng'g, LLC,* 178 So. 3d 114, 116 (Fla. 5th DCA 2015) (vacating preliminary injunction in non-compete case for lack of legitimate business interest).

### A. DEFENDANT'S TIME TO RESPOND SHOULD BE EXTENDED

On September 14, 2016, Plaintiff electronically filed its Motion for Preliminary Injunction ("Plaintiff's Injunction Motion") with this Court. Plaintiff's Injunction Motion was not hand-delivered to Defendant or his counsel. On September 16, this Court ordered that Defendant to respond to Plaintiff's Injunction Motion within eight (8) days — September 22, 2016. Pursuant to the Local Rules of the United States District Court for the Southern District of Florida, Defendant requests the provision of, at a minimum, seventeen (17) days to respond to Plaintiff's Injunction Motion as a response will require an extensive memorandum of law. S.D. Fla. L.R. 7.1(c). This would make Defendant's response due on October 1, 2016.

### B. THE HEARING SHOULD BE POSTPONED TO ALLOW THE PARTIES TO CONDUCT DISCOVERY

On September 16, 2016, this Court scheduled a hearing on Plaintiff's Injunction Motion to take place on September 29, 2016. Defendant requests that this Court reschedule the hearing on Plaintiff's Injunction Motion to, at a minimum, six (6) weeks from the date of Plaintiff's Injunction Motion. Presently, Plaintiff's Injunction Motion is rife with bald allegations, the factual bases for which are currently indeterminable. To grant a preliminary injunction, a court must weigh numerous fact-intensive factors. Rescheduling the hearing on Plaintiff's Injunction Motion allows both parties to conduct discovery, thereby providing this Court a full picture of the allegation at issue.

### C. DEFENDANT SHOULD BE ALLOWED AN EVIDENTIARY HEARING

Defendant requests the Court hold an evidentiary hearing prior to any ruling on Plaintiff's Injunction Motion.  The Eleventh Circuit has held that courts cannot issue a preliminary injunction prior to an evidentiary hearing where the facts are hotly contested.  *See, e.g., Moon v. Med, Tech. Associates, Inc.*, 577 F. App'x 934, 936 (11th Cir. 2014).  The *Moon* Court also held that intermediate state authority is binding on federal courts sitting in diversity and directed the trial court to consider the application on remand of *Shields v. Paving Stone Co., Inc.*, 796 So. 2d 1267 (Fla. 4th DCA 2001).  *Id.*  Defendant intends to challenge Plaintiff's claims and their case for an injunction based – in part – on *Shields* and related authority.  An evidentiary hearing on the matters brought to light in discovery will better prepare this Court for a ruling on Plaintiff's Injunction Motion. *See, e.g., IDMWORKS, LLC v. Pophaly*, No. 16-20627, 2016 WL 3566867, at *1 (S.D. Fla. June 23, 2016) (denying preliminary injunction following an evidentiary hearing).

**WHEREFORE**, Defendant hereby respectfully requests that this Court (a) postpone the date his Response to Plaintiff's Injunction Motion is due, (b) postpone a hearing on Plaintiff's Injunction Motion so that the parties may engage in discovery, and (c) postpone a hearing on Plaintiff's Injunction Motion until an evidentiary hearing is conducted.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for Defendant conferred with Plaintiff's Counsel, Courtney Wilson, on Monday, September 19, 2016, via electronic correspondence. Plaintiff opposes this Motion but has indicated that it would not object to postponing the hearing until October 3rd through 7th.

Dated: September 19, 2016                     Respectfully submitted,

By: s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2016, I caused a true and correct copy of the foregoing to be delivered via electronic mail to Plaintiff's counsel Courtney B. Wilson, Esq. of Littler Mendelson PC, 333 SE 2nd Ave., Suite 2700, Miami, FL 33131 at cwilson@littler.com.