UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

CASE NO. 9:16-cv-81530-DMM

GEO GROUP, INC.,

      Plaintiff,

v.

MATTHEW J. SWANDO,

      Defendant.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
STAY PROCEEDINGS AND PERMIT DISCOVERY ON PLAINTIFF'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff, GEO Group, Inc.**,** pursuant to S.D. Fla. L. R. 7.1(C), submits this opposition to

Defendant, Matthew Swando's "Motion to Extend Time to Respond to Plaintiff's Motion for

Preliminary Injunction and for Further Relief."  ECF 11.

Plaintiff's Motion seeks to modify the terms of the Court's "Order Setting Briefing

Schedule and Hearing on Preliminary Injunction," ECF 10, ostensibly in three respects.  First,

Plaintiff seeks 17 days to respond to GEO Group's Motion for Preliminary Injunction.  Second,

Plaintiff seeks to *indefinitely* postpone the September 29, 2016 hearing pending completion of

*unspecified* discovery. Finally, Plaintiff requests an evidentiary hearing on GEO Group's Motion

despite the fact that the Court's Order already provides the opportunity for an evidentiary

hearing, *if necessary*.

Defendant offers no support for his objection to an expedited briefing schedule, other

than to note that it *is* expedited.   Nor does Defendant specify any particular information or

discovery he intends to seek, or needs, to respond to GEO Group's Motion.  Instead, Defendant's

Motion simply ignores the expedited and limited purpose of preliminary injunction proceedings.

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing.

*Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175 (1981);

see also *Long v. Benson*, 383 Fed. Appx. 930, 931 (11th Cir. 2010); *Telestrata, LLC v.*

*NetTALK.com, Inc.*, 126 F. Supp. 3d 1344, 1350 (S.D. Fla. 2015); *Winmark Corp. v. Brenoby*

*Sports, Inc.*, 32 F. Supp. 3d 1206, 1218 (S.D. Fla.2014).

The urgency is particularly apparent in non-compete cases, as courts applying Florida law

have repeatedly held that "[i]Immediate injunctive relief is the essence of such suits and often

times the only effectual relief. It truly can be said in this type of litigation that relief delayed is

relief denied." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty*, 808 F. Supp. 1555, 1559

(S.D. Fla. 1992), *aff'd sub nom. Merrill Lynch, Pierce v. Hegarty*, 2 F.3d 405 (11th Cir. 1993)

quoting *Capraro v. Lanier Business Products, Inc.,* 466 So.2d 212, 213 (Fla.1985).   Indeed,

courts in this Circuit have held that delays of even a few days can have serious, undesirable and

preventable consequences in the case of solicitation of customers and loss of goodwill in the

market.  *Merrill Lynch, Pierce, Fenner & Smith v. Schwartz*, 991 F. Supp. 1480 (M.D. Ga.

1998):

> The court finds that in the rush to solicit clients, either old or new depending on one's perspective, even a few days can suffice to cause irreparable injury in the way of lost clients and reputation in the community. Thus, even though this court's decision [to proceed with a preliminary injunction pending arbitration] will in all probability stand for only a very short while, perhaps two or three

> business days, this may make a considerable difference to plaintiff's ability to reap the benefit of its bargain through enforcement of the clear and undisputed non-solicitation agreement signed by defendant Schwartz.

*Id*. at 1482.

Here, Defendant cites no authority supporting a delay in the briefing schedule or the necessity of unspecified, and thus facially unlimited, discovery.  And, notably omitted from Defendant's "Certificate of Good Faith Conference," GEO Group proposed to accommodate Defendant's request if Defendant would stipulate to a temporary restraint on continuing to violate his non-compete.  Defendant flatly refused.  Thus, it is evident that the delay Defendant seeks is intended to cause, and will cause, further irreparable harm to GEO Group.

Defendant's request for an evidentiary hearing, the only argument for which he cites any legal authority, simply ignores the Court's Order.  The Order specifically requires a status report in which the parties may inform the Court that they "intend to introduce evidence at the hearing." ECF 10, ¶ 4.  And deferral of that decision until the parties have filed their respective briefs is entirely appropriate as an evidentiary hearing is required *only* when the parties have presented competing allegations of material facts.  *Moon v. Med. Tech. Associates, Inc.*, 577 F. App'x 934, 936 (11th Cir. 2014)("In the face of two plausible affidavits 'submitted to demonstrate a contested issue, the district court is not at liberty to accept one construction of the evidence and reject the other without the benefit of an evidentiary hearing.'") quoting *CBS Broadcasting Inc. v. EchoStar Communications Corp.,* 265 F.3d 1193, 1207 (11th Cir.2001). At present, Defendant has not contested *any* facts alleged in GEO Group's Motion and thus a determination of the need for an evidentiary hearing is premature but adequately provided for in the Court's Order.

For all of the foregoing reasons, Defendant's Motion to Extend Time to Respond to Plaintiff's Motion for Preliminary Injunction and for Further Relief," ECF 11, should be denied.

DATED:  this 20th day of September, 2016          Respectfully submitted,


/s/ *Courtney B. Wilson*
Courtney B. Wilson, Esq.
Florida Bar No. 0614580
E-Mail:  cwilson@littler.com
Secondary:  kljackson@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

COUNSEL FOR PLAINTIFF,
GEO GROUP, INC.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.


BY:  /s/ *Courtney B. Wilson*
         Courtney B. Wilson, Esq.

## <u>SERVICE LIST</u>

*COUNSEL FOR PLAINTIFF*

Courtney B. Wilson, Esq.
Florida Bar No. 0614580
E-mail: cwilson@littler.com
Secondary:  kljackson@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

*COUNSEL FOR DEFENDANT*

Jonathan Edgar Pollard, Esq.
Florida Bar No. 83613
E-mail: jpollard@pollardllc.com
Pollard PLLC
401 E. Las Olas Blvd., #1400
Fort Lauderdale, FL 33301
Telephone:  (954) 332-2380
Facsimile:   (866) 594-5731