UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

CASE NO. 9:16-cv-81530-DMM

**GEO GROUP, INC.,**

    **Plaintiff,**

v.

**MATTHEW J. SWANDO,**

    **Defendant.**

_____/

**<u>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff, GEO Group, Inc., pursuant to S.D. Fla. L. R. 7.1(C), and the Court's "Order Setting Briefing Schedule and Hearing on Preliminary Injunction," ECF 10, submits this Reply in support of its Motion for Preliminary Injunction. ECF 9. In addition to the legal arguments below, GEO Group is prepared to substantiate any facts alleged, and genuinely disputed by Defendant, by presenting testimony of witnesses at the hearing before the Court.

**I.       Introduction**

In its Motion, GEO Group seeks to enforce the restrictive covenants contained in its Consultant Agreement with its former senior executive, Defendant, Swando. In response, Swando does not deny that he was formerly a very senior executive with GEO Group; that he expressly agreed not to compete with GEO Group; or that he has blatantly breached that promise by joining a direct competitor, Numerex, and marketing some of the same products and services to the same market he served at GEO Group. ECF 14, pp. 2-3.

Instead, Swando argues only that GEO Group cannot plead and prove the existence of legitimate business interest as necessary to enforce the non-compete. Based solely upon this

claimed lack of a legitimate business interest, Swando argues: 1) GEO Group is unlikely to succeed on the merits of its breach of contract claim, ECF 14, pp. 5-8; 2) that Swando will prevail on his affirmative defenses based exclusively on the same lack of a legitimate business interest, ECF 14, pp. 8-9; 3) that GEO Group is not entitled to the statutory presumption of irreparable harm, ECF 14, p. 9; and 4) that enforcement of the non-compete is not in the public interest.  ECF 14, p. 11.

Swando's only additional grounds to oppose the preliminary injunction[1] is to argue that GEO Group must prove that it has already suffered some tangible injury, such as a lost contract, in order to secure a preliminary injunction designed to *prevent* such injury and irreparable harm. ECF 14, pp. 9-10.  Swando's arguments are without merit and misstate the law in Florida.

II.  **Swando's Involvement In Competitive Bidding Establishes, Rather Than Negates, GEO Group's Legitimate Business Interest.**

Just as Swando's only real defense to enforcement of his non-compete is the alleged lack of a legitimate business interest, his only argument underpinning this contention is that there can be no legitimate business interest in an industry where much business is acquired and retained through a bidding process:  "It is black letter Florida law that a restrictive covenant cannot be used to prevent competition for work awarded through a bidding process."  ECF 14, p. 8 citing *Shields v. Paving Stone Co.*, 796 So. 2d 1267, 1269 (Fla. 4th Dist. Ct. App. 2001).  In fact, neither *Shields* nor any other case Swando cites support this proposition and there are many cases holding just the opposite; that knowledge of a company's bidding process and related information concerning pricing, margins, etc., are legitimate business interests warranting enforcement of a non-compete.

---

[1] Swando also briefly makes reference to three other employees, contending that GEO group failed to enforce similar restrictive covenants despite the employees' access to similar confidential information.  ECF 14, pp. 6-7.  While GEO group believes those situations are irrelevant to this proceeding it is prepared to refute Swando's unfounded and inaccurate testimony, as the Court determines necessary.

*Shields* and the other decisions Swando cites simply stand for the unremarkable proposition that relationships with *former* customers are not a legitimate business interest without some ongoing relationship or other basis to reasonable expect a continued relationship. See e.g., *Envtl. Servs., Inc. v. Carter*, 9 So. 3d 1258, 1266 (Fla. 5th Dist. Ct. App. 2009) (finding relationships with current customers a legitimate business interest warranting enforcement of a non-compete, and distinguishing *Shields* as involving former customers and "not concerned with customers who, as here, were in the midst of active relationships with the former employer.") Further, Swando fails to mention that *Shields found* a legitimate business interest and *enforced* an injunction, only limiting it because the plaintiff/former employer in *Shields* simply did not seek protection of any projects subject to bidding. 796 So. 2d 1268 ("Paving Stone's President also acknowledged that it was not concerned with commercial projects which took open bids ... .") Thus the court merely required that the scope of the injunction be modified to reflect Paving Stone's concession that it was not seeking to protect those customer relationships against competitive bidding. *Id*.

In contrast to these cases that did not address *bidding*, numerous Florida cases have held that knowledge of the employer's pricing, margins, costs and bidding processes, is a legitimate business interest warranting enforcement of a restrictive covenant:

> While Hasley was employed at AOS and Milhart, it is undisputed that he became intimate with all aspects of Milhart's and AOS's businesses. Hasley admits to having **access to pricing information (including profit margins and overhead), cost structure, customer contact information, and participating in compiling bids**. Hasley further admitted that this included setting profit margins and overhead on specific jobs. It was also testified that Hasley had complete access to all of the information of Milhart and AOS including the financial information of the companies, the engineering drawings for Milhart and AOS, and the plans for AOS's and Milhart's future. **Hasley also had continuous client**

> ***contact and part of his duties was to compile bids for multiple clients.***
> These findings were supported by the evidence and established that the Employers were entitled to injunctive relief to protect their legitimate business interest. See § 542.335(1)(b)(2).

*Hasley v. Harrell*, 971 So. 2d 149, 153 (Fla. 2nd Dist. Ct. App. 2007) [emphasis added. Numerous additional Florida decisions are in accord with *Hasley v. Harrell*. *Fulford v. Drawdy Bros. Const., II*, 903 So. 2d 1007, 1007 (Fla. 4th Dist. Ct. App. 2005) ("The eighteen-month covenant not to compete furthered the former employer's legitimate business interests relating to ***its bidding process***, customer list, and specialized training in the industry.") [emphasis added]; *Johnson Controls, Inc. v. Rumore*, No. 8:07-CV-1808T17-TBM, 2008 WL 203575, at *10 (M.D. Fla. Jan. 23, 2008) (enforcing non-compete against employee who "possessed much of Plaintiff's service information and knowledgeable of its customers and service arrangements with them, as well as ***pricing and cost information***, ***matters necessary to bid on this type work***.") [emphasis added]; *Cont'l Grp., Inc. v. KW Prop. Mgmt., LLC*, 622 F. Supp. 2d 1357, 1365 (S.D. Fla. 2009), *order clarified,* No. 09-60202-CV-COHN, 2009 WL 3644475 (S.D. Fla. Oct. 30, 2009) (finding that "a contract template created by TCG for fixed fee contract bidding, as well as a particular contract bid" were confidential and proprietary information supporting entry of preliminary injunction enforcing restrictive covenants agreement).

Here, GEO Group can show, and Swando has not denied, that he had access to the same information concerning pricing, margins, costs and GEO Group's bid processes, as well as a wealth of other confidential information concerning GEO Group's business, plans, product development, etc. As the foregoing and consistent line of Florida cases demonstrate, those are legitimate business interests warranting enforcement of Swando's non-compete agreement.

**III. GEO Group Need Not Await The *Occurrence* of Irreparable Harm to Seek A Preliminary Injunction to *Prevent* It.**

Under the elements of "irreparable harm" and "balancing of harms," Swando contends that GEO Group must wait until Swando has succeeded in unlawfully competing by securing a contract for Numerex in competition with GEO Group. ECF 14, pp. 9-10. Swando's argument is without merit.

First, Swando concedes that if GEO Group can establish the existence of a legitimate business interest then irreparable harm is presumed. *Id*. at 9. As shown above, Swando's knowledge of GEO Group's bid process is, standing alone, a legitimate business interest and Swando has not challenged the scope of his agreement as unreasonable.[2] Therefore, irreparable harm is presumed. "[t]he violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." Fla. Stat. § 542.335(1)(j). "As such, a party seeking an injunction to enforce a restrictive covenant does not need to prove that the defendant's specific activities will cause irreparable injury if not enjoined. Rather, once a violation is established, the burden is on the party opposing the injunction to rebut the presumption of irreparable harm. ... This is a very high burden ... ." *Pitney Bowes, Inc. v. Acevedo*, 2008 WL 294066727, 2008 U.S. Dist. LEXIS 61194 (S.D. Fla. July 28, 2008) (Jordan, J.) citing *Autonation v. O'Brien*, 347 F. Supp. 2d 1299, 1307 (S.D. Fla.2004).

Even in the absence of the statutory presumption of irreparable harm, Swando's argument, that GEO Group must wait until it first irretrievably loses a valuable customer relationship before seeking a preliminary injunction, simply misunderstands the purpose of preliminary injunction.

---

[2] Once a legitimate business interest is established, "the person opposing enforcement has the burden of establishing that the contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the established legitimate business interest or interests." Fla. Stat. §542.335(1)(c).

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.

*Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175 (1981); see also *Long v. Benson*, 383 Fed. Appx. 930, 931 (11th Cir. 2010); *Telestrata, LLC v. NetTALK.com, Inc.*, 126 F. Supp. 3d 1344, 1350 (S.D. Fla. 2015); *Winmark Corp. v. Brenoby Sports, Inc.*, 32 F. Supp. 3d 1206, 1218 (S.D. Fla.2014).  And this is particularly true in non-compete cases, as courts applying Florida law have repeatedly held that "[i]Immediate injunctive relief is the essence of such suits and often times the only effectual relief.  It truly can be said in this type of litigation that relief delayed is relief denied." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty*, 808 F. Supp. 1555, 1559 (S.D. Fla. 1992), *aff'd sub nom. Merrill Lynch, Pierce v. Hegarty*, 2 F.3d 405 (11th Cir. 1993) quoting *Capraro v. Lanier Business Products, Inc.,* 466 So.2d 212, 213 (Fla.1985).  Indeed, courts in this Circuit have held that delays of even a few days can have serious, undesirable and preventable consequences in the case of solicitation of customers and loss of goodwill in the market.  *Merrill Lynch, Pierce, Fenner & Smith v. Schwartz*, 991 F. Supp. 1480 (M.D. Ga. 1998):

> The court finds that in the rush to solicit clients, either old or new depending on one's perspective, even a few days can suffice to cause irreparable injury in the way of lost clients and reputation in the community. Thus, even though this court's decision [to proceed with a preliminary injunction pending arbitration] will in all probability stand for only a very short while, perhaps two or three business days, this may make a considerable difference to plaintiff's ability to reap the benefit of its bargain through enforcement of the clear and undisputed non-solicitation agreement signed by defendant Schwartz.

*Id*. at 1482.

Swando offers no authority for his contention that GEO Group must wait until they have lost business to protect their legitimate business interest in retaining such business. Rejecting a similar contention, Judge Cohn held:

> The Court does not find that TCG must wait until their client contracts are not renewed before seeking injunctive relief against a former employee and her new employer for clear breaches of a contract not to compete, solicit clients or employees, or take confidential information. Thus, some injunctive relief is necessary to enforce the contracts.

*Cont'l Grp., Inc. v. KW Prop. Mgmt., LLC*, 622 F. Supp. 2d at 1378.  The Court should likewise reject Swando's argument sand enforce his agreement with GEO Group.

DATED:  this 26th day of September, 2016        Respectfully submitted,

/s/ *Courtney B. Wilson*
Courtney B. Wilson, Esq.
Florida Bar No. 0614580
E-Mail:  cwilson@littler.com
Secondary:  kljackson@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

COUNSEL FOR PLAINTIFF,
GEO GROUP, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

BY: /s/ *Courtney B. Wilson*
Courtney B. Wilson, Esq.

## SERVICE LIST

*COUNSEL FOR PLAINTIFF*

Courtney B. Wilson, Esq.
Florida Bar No. 0614580
E-mail: cwilson@littler.com
Secondary:  kljackson@littler.com
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

*COUNSEL FOR DEFENDANT*

Jonathan Edgar Pollard, Esq.
Florida Bar No. 83613
E-mail: jpollard@pollardllc.com
Pollard PLLC
401 E. Las Olas Blvd., #1400
Fort Lauderdale, FL 33301
Telephone:  (954) 332-2380
Facsimile:   (866) 594-5731