**IN THE CIRCUIT COURT OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION
CASE NO. 9:16-cv-81530-DMM**

GEO GROUP, INC.,

    Plaintiff,

v.

MATTHEW SWANDO,

    Defendant.
_____/

**DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION**

Defendant, MATTHEW SWANDO, by and through his undersigned counsel, hereby files this Surreply to Plaintiff's Reply in Support of Motion for Preliminary Injunction, and in support thereof states as follows:

This action stems from Defendant's alleged breach of his Consulting Agreement ("Agreement") with Plaintiff. Specifically, Plaintiff alleges Defendant violated the Agreement's restrictive covenant provision by joining Numerex. Government entities comprise the customer base of the industry contemplated by the Agreement. Customer relationships in this industry are predicated upon competitive open bidding for short-term contracts. In 2014, the Eleventh Circuit Court of Appeals vacated a preliminary injunction and held, albeit in dicta, that Shields – if applicable – would be binding in diversity cases. *See Moon v. Med. Tech. Associates, Inc.*, 577 F. App'x 934, 936–37 (11th Cir. 2014) ("[T]he district court should consider the application of

2

*Shields v. Paving Stone Co., Inc.,* . . . because a federal court sitting in diversity is bound to apply the law of the forum state.") (citation omitted).

While the parties seem to agree that *Shields* is potentially applicable, Plaintiff's Reply in Support of Motion for Preliminary Injunction misstates the *Shields* decision. *See Shields v. Paving Stone Co.*, 796 So. 2d 1267 (Fla. 4th DCA 2001). Plaintiff claims that "*Shields* . . . simply stand[s] for the unremarkable proposition that relationships with former customers are not a legitimate business interest without some ongoing relationship or other basis to reasonabl[y] expect a continued relationship." DE 20, p. 3.

A plain reading reveals that the *Shields* Court's ruling was not limited to "former customers":

> Because [appellee] did not have exclusive relationships with **any** of its customers and information on customers was readily obtainable through the yellow pages and trade subscriptions, the nonsolicitation/nondisclosure agreement was not reasonable to protect [appellee]'s customer base.

*Shields*, 796 So. 2d at 1269 (emphasis supplied). The crux of *Shields* is not the current relationship status between customers and the party seeking enjoinment. Rather, it is the process through which customers are procured. *See id*. ("[Injunction] order must clearly direct that [enjoinment] does not include customers obtained through the open bidding process."). Plaintiff's reading is found nowhere within the case.

**WHEREFORE**, Defendant requests that this Court deny Plaintiff's Motion for Preliminary Injunction.

Dated: October 13, 2016

                                                Respectfully submitted,

                                                /s/ *Jonathan Pollard*

Jonathan E. Pollard  
Florida Bar No.: 83613  
Pollard PLLC  
401 E. Las Olas Blvd #1400  
Fort Lauderdale, FL 33301  
Telephone: (954) 332-2380  
Facsimile: (866) 594 5731  
jpollard@pollardllc.com  
*Attorney for Defendant*

4